Ray *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 23.—Resuelto en mayo 1, 1907.

Inscripción de Títulos.—Para que los títulos traslativos ó declarativos del dominio y demás derechos reales, así como los demás á que se refiere el artículo 2 de la Ley Hipotecaria, puedan ser inscritos en el registro de la propiedad, es necesario que consten en escritura pública, ejecutoria ó documento auténtico, otorgado con las formalidades requeridas por la ley.

Id.—Mandato—Formalidades de su Otorgamiento—Defecto Insubsanable.— Los poderes que tengan por objeto un acto redactado, ó que deba redactarse en escritura pública, como la transmisión del dominio sobre bienes inmuebles, deben constar en documento público, y aquellos que tengan por objeto ejecutar actos de riguroso dominio, deben contener al efecto un mandato expreso, pues de lo contrario, carecerá el mandatario de personalidad para ejecutar tales actos y adolecerán éstos de un defecto insubsanable que impide su inscripción en el registro.

Disolución de Sociedad—Consentimiento de Todos sus Miembros.—Para que la disolución de una sociedad y el traspaso de sus bienes á otra, pueda producir los efectos legales correspondientes, es necesario que conste el consentimiento y conformidad de todos los socios que la compenen.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Texidor.*

El Juez Presidente Sr. Quiñones emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Jacinto Texidor, á nombre de Percy Stanley Ray, contra negativa del Registrador de la Propiedad de esta ciudad á inscribir una escritura de compra-venta.

*Resultando:* Que por escritura pública otorgada en esta capital ante el abogado y notario de la misma Don Jacinto Texidor y Alcalá del Olmo en 6 de enero de 1905, Mr. Richard D. Coe, en su carácter de representante con facultades bastantes para dicho otorgamiento de la corporación organizada, conforme á las leyes del Estado de Massachusetts, y que giraba en esta plaza, bajo la razón De Ford y Compañía, vendió á los Sres. George T. Parker y Percey Stanley Ray un predio de terreno, radicado en el barrio de Santurce, del término municipal de esta ciudad, compuesto de 986 metros 13 centímetros cuadrados con una casa de madera que se hallaba enclavada en dicho terreno de la propiedad que dijo ser de sus constituyentes los Sres. De Ford y Ca., en precio de 3,000 dollars, de los cuales confesó el vendedor haber recibido 2,000 y los 1,000 dollars restantes los pagarían los compradores, mitad dentro del término de tres meses y la otra mitad dentro de seis, con el interés del nueve por ciento anual, pagaderos por mensualidades vencidas é hipotecando á la seguridad del pago

de los mil dollars aplazados y 300 más para intereses y costas de por mitad la misma finca descrita y que adquirían por la expresada escritura de compra-venta.

*Resultando:* Que presentada ésta al registro de la propiedad de esta ciudad, con un documento suscrito por Mr. Richard D. Coe, ante el notario de·Ponce, Don Rosendo Matienzo Cintrón, y dos testigos en 12 de junio de 1905, en el que manifestaba que habiendo expresado por error en la escritura de que se ha hecho mérito, que el terreno vendido tenía de cabida 986 metros 13 centímetros cuadrados, cuando su verdadera extensión era 1,986 metros 13 centímetros cuadrados, lo que quería hacer constar así, para que se entendiera aclarada en ese sentido la escritura; y acompañando, además, un poder extendido también en documento privado por los Sres. Henry De Ford, Francis Dumaresq, John D. H. Luce y William S. H. Lothrop, como socios que componían la razón social de De Ford y Ca. y firmado por el Sr. De Ford, ante el notario de Ponce, Don Rafael León, en 5 de diciembre de 1900, por los Sres. D. H. Luce y Francis Dumaresq, ante el notario de esta capital Don Santiago R. Palmer, en 28 de noviembre del mismo año y por el Sr. William H. S. Lothrop, ante el Notario Geo. E. Perrin, del Condado de Suffolk en 16 del mismo mes de noviembre á favor de Mr. Richard D. Coe, y cuyo documento, traducido literalmente de su original extendido en idioma inglés, contiene la cláusula siguiente:

"Por la presente constituimos y nombramos á Richard D. Coe, de la ciudad de Ponce, en la Isla de Puerto Rico, nuestro verdadero y legal apoderado para que por nosotros, y en nuestro nombre y lugar, firme y endose cheques y giros, letras de cambio y órdenes para el pago de dinero; y para que firme y endose conocimientos, y recibos y cartas de pago, por todas las cantidades de dinero, ú otras cosas que se nos deba á nosotros:

"Y damos, por la presente, á nuestro dicho apoderado amplio poder y autoridad para que proceda en dichos asuntos y en lo concerniente á los mismos, tan amplia y eficazmente como lo pudiéramos hacer nosotros si estuviéramos presentes personalmente,"

y que solicitada por el presentante de dichos documentos la inscripción de la escritura en el registro de la propiedad, la denegó el registrador por los fundamentos que expresa la nota puesta al pie de la misma escritura y que, copiada á la letra, dice así:

"No admitida la inscripción del anterior documento, en cuanto á la venta é hipoteca que comprende, porque el poder presentado, otorgado por Mr. Henry De Ford, Mr. Francis Dumaresq, Mr. John D. H. Luce y Mr. William S. H. Lothrop como socios de De Ford y Ca. á Mr. Richard D. Coe, suscrito por el primero, en cinco de diciembre de mil novecientos, en Ponce, ante el Notario Don Rafael Leon, reconocido por los Sres. Luce y Dumaresq en veinte y ocho de noviembre del mismo año en esta ciudad, ante el Notario Don Santiago R. Palmer, y por el Sr. Lothrop en Commonwealth de Massachusetts, el diez y seis de noviembre citado, ante el Notario Mr. Geo. E. Perrín, no autoriza á dicho apoderado para enagenar bienes inmuebles, y porque dicho poder, por lo que respecta á los Señores de Ford, Luce y Dumaresq, no puede considerarse como documento público por no estar otorgado con arreglo á la Ley Notarial vigente en esta Isla, y se ha extendido la anotación preventiva correspondiente por el término legal al folio ciento ochenta y tres vuelto del tomo cincuenta de esta ciudad, finca dos mil ciento cincuenta y dos, anotación letra A; no admitiéndose tampoco la aclaración de la cabida de la finca que se hace en documento firmado en Ponce por el Señor Coe en doce de junio del pasado año, ante el Notario Don Rosendo Matienzo Cintrón, por no estar otorgado con arreglo á la citada Ley Notarial, y no ser, por tanto, un documento público; habiéndose hecho constar en dicha anotación letra A, los defectos subsanables de no determinarse en el documento la participación que en la finca corresponda á cada uno de los adquirentes; de no haberse presentado documento alguno que acredite que los referidos señores poderdantes sean los componentes de la sociedad vendedora, y de no estar legalizada la firma del Notario Perrín, ante quien reconoció el poder Mr. William S. H. Lothrop.— San Juan Bautista de Puerto Rico, julio veinte y seis de mil novecientos seis."

*Resultando:* Que contra esta nota ha interpuesto el abogado Don Jacinto Texidor, á nombre de Mr. Percy Stanley Ray, el presente recurso gubernativo para que se revoque

dicha nota y se ordene al registrador que proceda á la inscripción de la escritura.

*Resultando:* Que en confirmación de los fundamentos del recurso acompañó el recurrente además de los documentos anteriormente relacionados, otra escritura otorgada en Ponce, ante el notario Don Alberto Salicrup, en 26 de septiembre de 1905, por el mismo Mr. Richard D. Coe, en su carácter de apoderado general de la sociedad Lothrop, Luce y Ca., del comercio de Boston, New York y Puerto Rico, en la que después de relacionar los antecedentes expuestos de la escritura de compra-venta del solar, de 6 de enero del mismo año, y los relativos á la disolución de la sociedad de Lothrop, Luce y Ca., rectificó Mr. Richard D. Coe el error padecido en dicha escritura de compra-venta, respecto á la verdadera cabida del solar y declaró que habiendo recibido de los Sres. George T. Parker y Percy Stanley Ray, en su carácter de apoderado general y representante de la expresada sociedad Lothrop, Luce y Ca., dueños de todo el activo de la extinguida sociedad De Ford y Ca., con inclusión del crédito hipotecario constituído sobre el solar de referencia por los 1,000 dollars aplazados del precio convenido de dicho inmueble, con los intereses estipulados, otorgaba á favor de los referidos George T. Parker y Percy Stanley Ray, la más eficaz carta de pago y cancelación total del expresado crédito queriendo y consintiendo que así mismo se cancelara su inscripción en el registro de la propiedad, lo que no pudo verificarse por haberse negado el registrador á cancelar el gravamen por los fundamentos de la nota que puso al pie de la escritura, los que, copiados á la letra, dicen así:

"No admitida la cancelación que comprende el anterior documento, porque no está acreditado que la sociedad Lothrop, Luce y Ca. sea dueña del crédito, cuya cancelación se pretende; por no justificarse debidamente la disolución de la Sociedad de Ford y Ca. y la cesión que el socio Mr. Henry De Ford ha hecho á W. S. H. Lothrop y John D. H. Luce, pues el documento inserto sólo comprende un extracto expresivo de dichos actos, no interviniendo en la disolución el otro socio de De Ford y Ca., Mr. Francis Dumaresq, que lo era de esa

asociación, según aparece de un poder conferido por él y sus demás consocios á Mr. Richard D. Coe, que se relaciona en la anotación letra A., extendida por la negativa de la inscripción del indicado crédito al folio ciento ochenta y tres vuelto del tomo cincuenta de esta ciudad, finca dos mil ciento cincuenta y dos; no acreditándose que los Sres. De Ford, Lothrop y Luce, que disolvieron la sociedad, fueran los únicos socios de ella; y por no justificarse tampoco que los Sres. Lothrop y Luce aportaran á la sociedad Lothrop, Luce y Ca. el crédito hipotecario mencionado, pues el extracto del convenio de constitución social que se inserta, no es documento bastante para ello, y no hace referencia alguna á tal aportación; y se ha extendido anotación preventiva correspondiente de la expresada cancelación al folio doscientos cuarenta y siete vuelto del tomo sesenta y dos de esta ciudad, finca dos mil ciento cincuenta y dos duplicado, anotación letra B., que tendrá efecto legal durante ciento veinte días de la fecha.—San Juan, Puerto Rico, julio 27 de 1906."

*Considerando:* Que con arreglo al artículo 3 de la Ley Hipotecaria de esta Isla para que puedan ser inscritos en el registro de la propiedad los títulos traslativos ó declarativos del dominio y demás derechos reales, y los demás que se expresan en el artículo anterior, deberán estar consignados en escritura pública, ejecutoria, ó documento auténtico, expedido por autoridad judicial, ó por el Gobierno, ó sus agentes, en la forma que prescriban los Reglamentos, circunstancias que no concurren en el documento suscrito por Mr. Richard D. Coe, ante el notario de Ponce, Don Rosendo Matienzo Cintrón, en 12 de junio de 1905, aclarando la verdadera cabida del terreno vendido, en la escritura de 6 de enero del mismo año, toda vez que dicho documento no aparece extendido con las formalidades que requería la Ley Notarial vigente, en esta Isla en la fecha de su otorgamiento.

*Considerando:* Con respecto al poder otorgado por los socios que componían la firma de De Ford y Ca., á favor de Mr. Richard D. Coe, y del que hizo uso éste para otorgar á nombre de dicha sociedad la escritura de venta del terreno de que se trata, que no constando dicho poder por escritura pública, como lo exige el artículo 1247 del nuevo Código Civil, en

los poderes que tengan por objeto un acto redactado ó que deba redactarse por escritura pública, como lo requiere en su primer inciso el mismo artículo 1247 del Código Civil para la venta de bienes inmuebles, y no conteniendo por otra parte el mandato expreso para vender como lo exige también el artículo 1615 del mismo Código para que el apoderado pueda ejecutar válidamente, á nombre del poderdante, actos de riguroso dominio, es evidente que dicho poder no atribuía á Mr. Richard D. Coe capacidad suficiente para otorgar á nombre de la sociedad de De Ford y Ca. la escritura de venta de que se trata.

*Considerando:* Que estos defectos no pueden entenderse subsanados con las declaraciones hechas por Mr. Richard D. Coe en 'la escritura de cancelación de 26 de septiembre de 1905, otorgada por el mismo en su carácter de apoderado general de Lothrop, Luce y Ca., pues no siendo suficientes los datos consignados en dicha escritura para acreditar la. disolución de la sociedad de De Ford y Ca. y la constitución de la de Lothrop, Luce y Ca., por no constar en la escritura de referencia que la disolución de dicha sociedad y el traspaso de su activo á los Sres. Lothrop y Luce fueran acordados con el consentimiento y conformidad del socio Mr. Francis Dumaresq, que, según otras constancias de este expediente, también formaba parte de la expresada sociedad de De Ford y Ca., es evidente que las declaraciones hechas por Mr. Richard D. Coe, en su carácter expresado de apoderado general de Lothrop, Luce y Ca. en la escritura de cancelación de 26 de septiembre de 1905, no pueden servir para convalidar la escritura de compra-venta del solar de 6 de enero del mismo año, otorgada por el mismo Mr. Richard D. Coe, como apoderado de De Ford y Ca., sin poder bastante de dichos señores para vender el inmueble de referencia.

*Considerando:* Por tanto, que careciendo de capacidad Mr. Richard D. Coe para vender á nombre de De Ford y Ca. el solar objeto de la expresada escritura de compra-venta ado-

lece ésta de un defecto capital que impide su inscripción en el registro de la propiedad.

*Vistos:* Los preceptos legales citados y además los artículos 18 y 65 de la Ley Hipotecaria y 110 del Reglamento.

*Se·confirma* la nota denegatoria puesta por el registrador de la propiedad de esta ciudad al pie de la escritura de compra-venta de que se trata en el presente recurso, y devuélvasele, en unión de los demás documentos presentados con copia certificada de la presente resolución, para su conocimiento y demás efectos procedentes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.